UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUL 31 2009
Clerk, U.S. District and
Bankruptcy Courts

William R. Jackson,

      Plaintiff,

v.                                  Civil Action No. 09 1453

Eric Holder,

      Defendant.

## MEMORANDUM OPINION

Plaintiff, a prisoner serving a state sentence of life imprisonment, has filed a pro se complaint for mandamus and an application to proceed in forma pauperis. The Court will grant the application, and dismiss the complaint for mandamus for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

The plaintiff, through a complaint for mandamus pursuant to 28 U.S.C. § 1361, asks this court to order "Eric Holder of the U.S. Justice Department to enforce federal law upon the Georgia State Parole Board of whom violates the citizen of Georgia (parolee) rights to parole final hearing without them ever waiving that right." Compl. at 5. The plaintiff has not had a parole hearing since March 2002, and alleges that this is a violation of his constitutional rights. The plaintiff also discloses that his appeal regarding the detention under attack is now pending before the United States Court of Appeals for the Eleventh Circuit. Compl. at 6.

The remedy of mandamus "is a drastic one, to be invoked only in extraordinary circumstances." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). Only "exceptional circumstances" warranting "a judicial usurpation of power" will justify issuance of

the writ. *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (internal quotation marks omitted)); *see also Doe v. Exxon Mobil Corp.*, 473 F.3d 345, 353 (D.C. Cir. 2007) (stating that mandamus is "an extraordinary remedy reserved for really extraordinary cases") (internal quotation marks and citation omitted). Mandamus is available only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *In re Medicare Reimbursement Litigation*, 414 F.3d 7, 10 (D.C. Cir. 2005) (quoting *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002)). With respect to the first two requirements, mandamus is available "only where the duty to be performed is ministerial and the obligation to act peremptory and clearly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." *Lozada Colon v. U.S. Dep't of State*, 170 F.3d 191 (D.C. Cir. 1999) (internal quotation marks and citation omitted).

The complaint does not, and on these facts cannot, establish either that plaintiff has a clear right to the relief requested or that the defendants have a clear duty to perform a ministerial, clearly defined, and peremptory act. It is beyond serious debate that the exercise of the government's power to investigate and prosecute is a discretionary function. This well-settled rule is one of long-standing. *See The Confiscation Cases*, 74 U.S. 454, 456 (1868); *United States v. Nixon*, 418 U.S. 683, 693 (1974). Because the plaintiff seeks mandamus relief (as opposed to some other form of relief for the alleged violation of the plaintiff's due process rights), but cannot show that he is entitled to it, the complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted against these defendants. 28 U.S.C. § 1915A(b)(1).

A separate order accompanies this memorandum opinion.

Date: 7/27/09

_____
United States District Judge